BUCK et al., Respondents, v. METROPOLITAN EL. RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. May 14, 1897.) Appeal from special term, New York county. Action by Charles Buck and others against the Metropolitan Elevated Railway Company and another. Arthur O. Townsend, for appellants. Charles H. Strong, for respondents.

PER CURIAM. The motion for a stay should be granted upon condition that the defendants, within 15 days after the entry of the order herein, execute a bond in the penalty of $5,000, with two sufficient sureties, who shall justify, etc.; the bond to be conditioned for the payment of $2,500, with interest thereon from March 22, 1895, in case the judgment herein be affirmed or the appeal dismissed by the court of appeals, upon the tender to them of the deed provided for in the judgment appealed from, and also upon the condition that within said 15 days the defendant file in the office of the clerk of the city and county of New York a stipulation that during the pendency of this action they will not institute or prosecute any proceedings to condemn any right, interest, or easement of the plaintiffs described in the complaint herein. The order should be accordingly reversed, and the motion granted, upon compliance by the defendants with the foregoing conditions.

---

BURNHAM v. BURNHAM. (Supreme Court, Appellate Division, First Department. May 7, 1897.) Action by Beekman T. Burnham against Emily A. Burnham. No opinion. Motion denied, without costs.

---

In re BURNS. (Supreme Court, Appellate Division, Fourth Department. June 12, 1897.) In the matter of the petition of James W. Burns for the appointment of commissioners to assess damages to riparian owners on Roaring brook. No opinion. Motion denied, without costs. See 44 N. Y. Supp. 930.

---

BUTTERICK PUB. CO., Respondent, v. KING et al., Appellants. (City Court of New York, General Term. May 11, 1897.) Action by the Butterick Publishing Company against Herbert Booth King and another. Kenneson, Crain & Alling, for appellants. Perkins & Jackson, for respondent.

PER CURIAM. The order appealed from must be affirmed. It grants appellants all that they are reasonably entitled to receive, and it permits them to interpose an additional defense even after the entry of judgment, upon terms which, in our judgment, were very rea-

sonable and usually exacted. Appellants' contention that said order grants them relief not asked for I think has no force, because in our judgment, and in view of all the surrounding facts and circumstances, the relief granted is all that should be granted them. We think that the order of March 2d is the only one subject to review on this appeal, as it superseded the orders of February 17th and 25th. The first-named order at least modified the prior orders, and was just and reasonable, and is affirmed, with costs, and with leave to the appellants to comply with the terms thereof, within five days after notice of entry of order herein.

---

CARMODY, Appellant, v. FITCHBURGH R. CO., Respondent. (Supreme Court, Appellate Division, Third Department. May 25, 1897.) Action by Catherine Carmody, as administratrix, etc., against the Fitchburgh Railroad Company. No opinion. Judgment and order affirmed, with costs.

---

CARRERE v. DUN et al. (Supreme Court, Appellate Division, First Department. June 18, 1897.) Action by Fannie Bean Carrere against Robert G. Dun and others. No opinion. Upon payment of $10 costs of motion, and $10 for granting leave to make motion below to open default, motion denied. See 41 N. Y. Supp. 34.